DAVID M. JOLLEY (SBN 191164)
Email: djolley@cov.com
ASHLEY SIMONSEN (SBN 275203)
Email: asimonsen@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

Attorneys for Defendant
TOOTSIE ROLL INDUSTRIES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| KETRINA GORDON, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>TOOTSIE ROLL INDUSTRIES, INC., and DOES 1 through 10, inclusive,<br><br>　　Defendants | Civil Case No.: 2:17-cv-02664<br><br>**DEFENDANT TOOTSIE ROLL INDUSTRIES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint filed: February 10, 2017 |

Defendant Tootsie Roll Industries, Inc. ("Tootsie Roll") hereby notices removal of this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division.  This Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

In further support of this Notice of Removal, Tootsie Roll states as follows:

## I. PROCEDURAL HISTORY

1. On February 10, 2017, plaintiff Ketrina Gordon filed this action in the Superior Court of the State of California, County of Los Angeles.  A true and correct copy of the Class Action Complaint ("CAC") is attached to the Declaration of Ashley Simonsen ("Simonsen Declaration" or "Simonsen Decl.") as **Exhibit A**.

2. Plaintiff served the CAC on Tootsie Roll by hand, delivering a copy of the CAC, a Summons, Notices of Case Assignment (for Non-Class Action and Personal Injury Cases), a set of Voluntary Efficient Litigation Stipulations, a Civil Case Cover Sheet, and an Initial Status Conference Order to Tootsie Roll's registered agent for service of process on March 10, 2017.  A true and correct copy of the Summons served on Tootsie Roll is attached to the Simonsen Declaration as **Exhibit B**.  A true and correct copy of the Notice of Case Assignment for Non-Class Action Cases is attached to the Simonsen Declaration as **Exhibit C**.  A true and correct copy of the Notice of Case Assignment for Personal Injury Cases is attached to the Simonsen Declaration as **Exhibit D**. A true and correct copy of the set of Voluntary Efficient Litigation Stipulations is attached to the Simonsen Declaration as **Exhibit E**.  A true and correct copy of the Civil Case Cover Sheet served on Tootsie Roll is attached to the Simonsen Declaration as **Exhibit F**.  A true and correct copy of the Initial Status Conference Order is attached to the Simonsen Declaration as **Exhibit G**.

3. In addition, the following document has been entered on the docket in this case in the California Superior Court for the County of Los Angeles: a February 24,

1  2017 Minute Order Regarding Newly Filed Class Action, a true and correct copy of
2  which is attached to the Simonsen Declaration as **Exhibit H**.

3     4. Exhibits A-H to the Simonsen Declaration constitute all of the process,
4  pleadings, and orders served on Tootsie Roll in this case, and are attached to the
5  Simonsen Declaration pursuant to 28 U.S.C. § 1446(a).

6     5. The CAC concerns Tootsie Roll's sale of Junior Mints and Sugar Babies
7  in snack boxes.  Simonsen Decl. Ex. A ¶ 1 (at p. 2).[1]  Plaintiff asserts that Tootsie Roll's
8  packaging of these products is "deceptive and misleading," as the snack-box packaging at
9  issue allegedly contains "nonfunctional slack fill."  *Id.* Ex. A ¶¶ 66, 67.  On behalf of a
10 putative class of consumers who purchased Junior Mints and/or Sugar Babies in snack
11 boxes in the United States (or alternatively in the State of California) during the past four
12 years, plaintiff asserts claims under California's Consumers Legal Remedies Act
13 ("CLRA"), California's False Advertising Law ("FAL"), and California's Unfair
14 Competition Law ("UCL").  *See id.* Ex. A ¶¶ 71-72, 81-158.  Plaintiff seeks a variety of
15 remedies, including restitution, damages, and injunctive relief.  *See id.* Ex. A at p. 30.

16 **II.** **PARTIES**

17    6. Plaintiff is a resident of Los Angeles County, California.  *Id.* Ex. A ¶ 1
18 (at p. 3).

19    7. Tootsie Roll is a corporation incorporated under the laws of Virginia.
20 *See id.* ¶ 10 & Ex. I.[2]  It has its principal place of business in Chicago, Illinois.  *Id.* Ex. A
21 ¶ 2 (at p. 3).

---

[1] The CAC has duplicative Paragraphs 1 and 2.  This Notice refers to those particular paragraphs by page number (in addition to paragraph number) to allow for a clear identification of the cited paragraph.

[2] The CAC does not allege the state of incorporation of Tootsie Roll.

8. The CAC also names as defendants Does 1-10, but does not allege the residency or citizenship of these defendants. *Id.* Ex. A ¶ 3.

### III. TIMELINESS OF REMOVAL

9. Plaintiff served Tootsie Roll's registered agent by hand with the summons in this action on March 10, 2017. *Id.* ¶ 3.

10. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (time for removal runs from receipt of formal service of process, including a summons).

### IV. BASIS FOR REMOVAL JURISDICTION

#### A. Jurisdiction

11. The claims asserted by plaintiff give rise to jurisdiction under CAFA, 28 U.S.C. § 1332(d). Tootsie Roll also invokes all other grounds for removal that exist under applicable law.

12. This Court has jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

#### B. CAFA's "class action" requirement is satisfied.

13. CAFA defines a "class action" to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute … authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This case qualifies as a class action removable under Section 1332(d)(1)(B). Plaintiff's CAC, which is styled as a "Class Action Complaint," states that she "brings this action on her own behalf and on behalf of all other persons similarly situated." Simonsen Decl. Ex. A ¶ 71.

14. Specifically, Plaintiff seeks to represent "All persons who purchased the Products in the United States for personal use and not for resale during the time period February 10, 2013, through the present." *Id.* Ex. A ¶ 71. Or, in the alternative, Plaintiff seeks to represent "All persons who purchased the Products in the State of California for personal use and not for resale during the time period February 10, 2013, through the present." *Id.* Ex. A ¶ 72.

### C. CAFA's minimal diversity requirement is satisfied.

15. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). This requirement is satisfied here because (a) plaintiff is a resident of California and seeks to represent a class of United States (or in the alternative California) consumers, and (b) Tootsie Roll is not a citizen of California. Tootsie Roll is not incorporated in California and does not have its main offices or principal places of business in California. *See* Simonsen Decl. ¶ 10 & Exs. A (¶ 2 (at p. 3)) and I. Because Tootsie Roll is diverse from Plaintiff and from many of the putative class members she seeks to represent, CAFA's minimal diversity requirement is satisfied.

### D. CAFA's amount-in-controversy requirement is satisfied.

16. CAFA jurisdiction requires that "the matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy" meets the $5,000,000 threshold. *Id.* § 1332(d)(6).

17. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," not an evidentiary submission. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1196 (9th Cir. 2015) (recognizing *Dart*'s holding).

18. Plaintiff seeks damages and/or restitution for all class members to compensate for all money "paid for candy product [they] never received." Simonsen Decl. Ex. A ¶ 96. Specifically, Plaintiff alleges that she and the putative class "paid for 45% candy product [they] never received." *Id.* Ex. A ¶ 158.

19. Using data and records that Tootsie Roll maintains in the normal course of business, Tootsie Roll's dollar amount of wholesale sales of Junior Mints and Sugar Babies in the challenged snack boxes to consumers in California alone is in excess of $15 million during the putative class period.

20. If the putative class is awarded the damages and restitution sought in the CAC, the sales volume described above demonstrates that the amount awarded would be in excess of $5 million. (Tootsie Roll disputes that Plaintiff or any member of the putative class is entitled to any award.)

21. In addition, the CAC seeks attorneys' fees. *See id.* Ex. A at p. 30. Such fees are included in any amount-in-controversy analysis. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

22. For the reasons set forth above, the relief sought in the CAC places more than $5,000,000 in controversy, exclusive of interest and costs. Thus, CAFA's amount-in-controversy requirement is satisfied. *See Dart*, 135 S. Ct. at 554.

### E. CAFA's numerosity requirement is satisfied.

23. This is not an action in which the "number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). Plaintiff brings this action on behalf of all consumers who purchased Junior Mints or Sugar Babies in snack boxes in the United States over the past four years. Simonsen Decl. Ex. A ¶ 71. Plaintiff alleges that the size of the class "numbers in the hundreds of thousands or more throughout the United States and California." *Id.* Ex. A ¶ 73. As such, the size of the putative class in this case exceeds the numerosity requirements imposed by 28 U.S.C. § 1332(d)(5)(B).

### F. All of CAFA's requirements are satisfied.

24. None of the exclusions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(4) applies here, as Tootsie Roll is not a citizen of California.

25. For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441, 1453.

26. The recitation of the allegations and requests for relief above is not a concession that Plaintiff's allegations or legal theories have merit. Tootsie Roll reserves the right to assert all applicable defenses in this matter and deny that Plaintiff (and/or the putative class) is in fact entitled to any relief.

## V. REMOVAL TO THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, IS PROPER

27. Removal to the Central District of California is proper because it is the district within which the state action is pending. *See* 28 U.S.C. § 1446(a).

### A. Intradistrict Assignment

28. Removal to the Western Division of the Central District of California is proper because it is the division within which the state action is pending. *See id.*

## VI. NOTICE TO STATE COURT AND PLAINTIFF

29. Counsel for Tootsie Roll certify that, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Francisco, and served upon counsel for Plaintiff promptly.

WHEREFORE, the case now pending in the Superior Court of the State of California, County of Los Angeles, No. BC-649875, is hereby removed to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441, 1453.

DATED:  April 7, 2017                COVINGTON & BURLING LLP

By:   */s/ David M. Jolley*
       DAVID M. JOLLEY

One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email:  djolley@cov.com

Attorneys for Defendant
TOOTSIE ROLL INDUSTRIES, INC.