**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
9255 Sunset Boulevard, Suite 804
Los Angeles, California 90069
Telephone: (213) 788-4050
Facsimile: (213) 788-4070
*Attorneys for Plaintiff Ketrina Gordon*

**COVINGTON & BURLING LLP**
David M. Jolley (SBN 191164)
djolley@cov.com
Ashley Simonsen (SBN 275203)
asimonsen@cov.com
One Front Street
San Francisco, California 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
*Attorneys for Defendant*
*Tootsie Roll Industries, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KETRINA GORDON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TOOTSIE ROLL INDUSTRIES, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:17-cv-02664-DSF-MRW<br><br>[CLASS ACTION]<br><br>**RULE 26(f) JOINT REPORT**<br><br>Hon. Dale S. Fischer<br><br>Action Filed:   February 10, 2017<br><br>Conference Date:  July 31, 2017<br>Hrg. Time:    11:00 a.m.<br>Courtroom:    7D |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties to this action, Plaintiff Ketrina Gordon ("Plaintiff"), and Defendant Tootsie Roll Industries, Inc. ("Defendant" or "Tootsie Roll") (collectively, the "Parties"), submit this Joint Report.

**a. STATEMENT OF THE CASE**

**Plaintiff's Statement**

California law recognizes that food packaging can be deceptive even when the information on the label like net weight and quantity disclosures is truthful. For example, if packaging is substantially larger than necessary to contain the contents, consumers may be deceived into believing that they are buying more of a product than they actually are despite net weight and quantity disclosures. This is a class action lawsuit brought on behalf of all purchasers of Junior Mints® and Sugar Babies® boxed candy products (the "Product(s)") manufactured by Defendant and sold at retail outlets and movie theaters throughout California.

Defendant has violated the California Consumers Legal Remedies Act ("CLRA"), California False Advertising Law ("FAL"), Unfair Competition Law ("UCL"), and applicable California and federal slack-fill statutes, by packaging its Products in oversized non-transparent boxes which include *nonfunctional* slack-fill to the tune of roughly 45%. Defendant's packaging of the Products fails to satisfy any of the six circumstances which allows for functional slack-fill pursuant to Business and Professions Code Section 12606.2 and 21 C.F.R Section 100.100, and is therefore presumptively misleading. There is no statutory exception to the applicable slack-fill statutes, including for net weight and quantity disclosures. In fact, the Federal Food and Drug Administration ("FDA") has confirmed as much in its comments which the California State Legislature adopted in whole in passing its slack-fill legislation as set forth in Cal. Bus. & Prof. Code § 12606.2.

1  This very District recently issued two decisions directly on point, one of which involved virtually the same boxed candy product packaging and legal and factual issues regarding nonfunctional slack-fill. In *Escobar v. Just Born, Inc., et al*., CACD Case No. 17-01826 BRO (PJWx) (June 12, 2017), Honorable Beverly Reid O'Connell, issued a 23-page order holding that plaintiff had plausibly alleged she was misled by oversized opaque Hot Tamales® and Mike & Ike® boxed candy products to believe she received more candy and not 35.7% nonfunctional slack-fill, despite the defendant's net weight and quantity disclosures. *Id*. at *11, 15.  See also *Spacone v. Sanford, LP*; CACD Case No. 17-02419-BRO(MRWx) (May 11, 2017) (holding packaging of Krazy Glue leads reasonable consumers to believe package contains "significantly more product" regardless of weight disclosures on packaging, and determination of whether slack-fill was functional or not is fact question not appropriate for court to decide at motion to dismiss stage).

Plaintiff has urged this Court to follow *Escobar* and *Spacone* to allow this case to proceed on the merits towards class certification. Defendant, on the other hand, has hinged its Rule 12(b)(6) motion on *Bush v. Mondelez*, an inapplicable Northern District decision which this District has distinguished and other courts have outright criticized. Defendant alternatively requested that this case be stayed pending the outcome of the Ninth Circuit appeal in *Bush*, but the *Bush* appeal has been resolved and is expected to be dismissed in or before August 2017.

**Defendant's Statement**

Plaintiff has used its "Statement of the Case" to re-argue is opposition to Tootsie Roll's pending Motion to Dismiss.  Needless to say, Tootsie Roll disagrees with most of what is included therein for the reasons set forth in detail in its motion papers.  It will not re-argue the entirety of its motion here.  Nonetheless, a brief response is necessary.

Tootsie Roll's snack boxes of Junior Mints and Sugar Babies are designed for convenient handheld consumption, whether seated in a movie theater, in a car, or on

the go. Each box contains some empty space at the top, known as "slack-fill," for a number of important—and obvious—reasons.

First, some slack-fill is necessary to avoid the spillage that would otherwise occur when a movie-watching or on-the-go customer pulls apart the sealed outer flaps of a snack box. Second, slack-fill accommodates "settling" of the non-uniform-shaped candy pieces in the snack boxes, both during production and afterward. Third, slack-fill prevents candy pieces from crushing one another, protecting the soft interior center of Junior Mints. Finally, slack-fill is necessary to ensure that the snack boxes can be closed without interference from candy pieces that might either get stuck in the flaps or covered with adhesive.

The United States Food and Drug Administration ("FDA") and California food regulations expressly permit the use of functional slack-fill in food packaging, including for the four reasons listed above. *See* 21 C.F.R. § 100.100(a) (describing various functional slack-fill purposes); Cal. Bus. & Prof. Code § 12606.2(c) (same). Moreover, "[o]paque containers with slack-fill at the top are common in the snack market," and reasonable customers "thus expect some slack fill." *Bush v. Mondelez, Int'l, Inc.*, 2016 WL 5886886, at *3 (N.D. Cal. Oct. 7, 2016) ("*Bush I*"). The snack boxes also disclose the precise quantity of candy they contain—specifically, the net weight of the candy, the number of servings in each box, and the number of candy pieces per serving. The rustling of the candies inside the boxes upon handling also clearly announces the presence of empty space.

Plaintiff's lawsuit is meritless. Plaintiff cannot show that Tootsie Roll violated federal or state slack-fill regulations. Moreover, given the net weight and serving disclosures on the outside of the snack boxes, plaintiff cannot show that a "significant portion" of the public would be deceived by the slack-fill inside—as required to prove a violation of the UCL, FAL, and CLRA. The recent holding of another federal court in California, dismissing a nearly identical lawsuit filed by these same lawyers against the manufacturer of Nabisco snack "Go-Paks," compels dismissal here. *See Bush I*,

2016 WL 5886886, at *2-4; *Bush v. Mondelez Int'l, Inc.*, 2016 WL 7324990, at *2-4 (N.D. Cal. Dec. 16, 2016) ("*Bush II*").

**b.   JURISDICTION**

This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to the Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. § 1332(d).

**c.   LEGAL ISSUES**

**Plaintiff's Statement**

The first legal issue to be decided is whether Plaintiff has plausibly stated a claim in satisfaction of Rule 8 and 9(b). Plaintiff believes *Escobar* and *Spacone* are instructive and that this case should proceed on the merits.

Future legal issues will include the propriety of certification as Rule 23(b)(2) and/or (b)(3) classes and summary judgment. Those legal issues will require substantial class and merits discovery during the coming months.

**Defendant's Statement**

The principle legal issues in this case are (1) whether the slack-fill in the challenged products (i) would have deceived a reasonable consumer in violation of the UCL, FAL, or CLRA and (ii) violated state and federal slack-fill regulations; and (2) whether Plaintiff's proposed class is certifiable under Rule 23 of the Federal Rules of Civil Procedure.  Tootsie Roll contends that the first question can be resolved in the negative as a matter of law on the pleadings or, alternatively, on summary judgment. Tootsie Roll also contends that Plaintiff's proposed class is not certifiable under Rule 23.

**d.   PARTIES, EVIDENCE, ETC.**

The Parties are Plaintiff Ketrina Gordon, individually and on behalf of all other similarly situated purchasers of the Products, and Defendant Tootsie Roll Industries, Inc., an Illinois corporation.

The key evidence in this case will be documents and testimony from Tootsie Roll showing the packaging, manufacturing, shipping, packing, sales, and design of the challenged products; and testimony and documents from Plaintiff regarding her purchase decision. In addition, there may be expert testimony proffered from, at a minimum, experts in (i) packaging design and manufacturing and (ii) consumer expectations.

The key witnesses will be the Parties, including representatives of Tootsie Roll knowledgeable about the design, packaging, manufacturing, packing, shipping, and sales of the challenged products, as well as experts, including those who will have had the opportunity to physically inspect the manufacturing and packaging facilities.

### e. DAMAGES

**Plaintiff's Statement**

Restitutionary damages under the FAL, UCL, and CLRA in this case will be a matter of simple arithmetic. They will equal the percentage of slack-fill Plaintiff proves is *nonfunctional* (and therefore unlawful) slack-fill, multiplied by the gross retail sales of the Products sold in California during the proposed class period.

Plaintiff also seeks injunctive relief under the FAL, UCL, and CLRA to force Defendant to cease its unlawful use of nonfunctional slack-fill, as well as statutory damages of no less than $1,000 and punitive damages, if the facts support such an award, and reimbursement of Plaintiff's reasonable attorneys' fees and costs. Though Defendant has not yet produced its sales records, which Plaintiff has requested pursuant to formal discovery requests, Plaintiff believes gross retail sales in California alone realistically exceed $15 million and that Defendant unlawfully sells the Products with roughly 45% nonfunctional slack-fill. Those figures would yield restitutionary damages of $6,750,000, with said damages increasing and class membership expanding with every passing day.

**Defendant's Statement**

Defendant states that Plaintiff is entitled to neither damages nor injunctive relief.

**f.  INSURANCE**

Not applicable to Plaintiff.

Defendant has no insurance that may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

**g.  MOTIONS**

Defendant's pending motion to dismiss Plaintiff's FAC (Dkt. 19) is scheduled to be heard on July 31, 2017.

At present, the only motions Plaintiff expects to file are a Rule 23 motion for class certification and an offensive Rule 56 motion for summary judgment. Defendant intends to oppose both motions.

Defendant may also file a Rule 56 motion for summary judgment and reserves its right to file other motions, including pretrial motions, and to seek the assistance of the Court in resolving any discovery disputes.

**h.  MANUAL FOR COMPLEX LITIGATION**

The Parties are amenable to utilization of any of the procedures of the Manual for Complex Litigation.

**i.  STATUS OF DISCOVERY**

On July 2 and July 3, respectively, Plaintiff and Defendant served their Rule 26(a) initial disclosures.

On June 19, 2017, Plaintiff served her initial discovery requests, including interrogatories, requests for admissions, and requests for production of documents. Plaintiff has granted Defendant a three-week extension from the original due date to provide discovery responses.

Defendant has not yet served any discovery in this case.

### j.   DISCOVERY PLAN

**Plaintiff's Statement**

Plaintiff seeks discovery on all matters pertinent to class certification and merits of the case. Plaintiff has already propounded her first written discovery requests in the form of interrogatories, requests for admissions, and requests for production of documents as set forth in Section "i" above. Plaintiff anticipates propounding additional written discovery upon Defendant; possibly issuing subpoenas to third parties like Nielsen and IRI consumer sales data aggregators, and retailer sellers of the Products; and deposing Defendant's Rule 30(b)(6) corporate designees, targeted employees, designated experts, and other relevant witnesses.

Plaintiff anticipates completion of pre-deposition written discovery within 90 days, by October 2, 2017. Plaintiff anticipates completion of Rule 30(b)(6) depositions within 30 days thereafter, by November 1, 2017. Plaintiff anticipates any additional post-deposition written discovery to be completed by December 4, 2017. Plaintiff anticipates the possible need of the Parties for additional discovery during the time for briefing on Plaintiff's motion for class certification (proposed hearing date is March 5, 2018), as is commonplace in this type of case. Furthermore, it is quite possible that additional merits related discovery will need to be conducted after the Court's issuance of its class certification order and prior to trial.

Plaintiff believes the normal limitations on discovery should be utilized without prejudice to a Party seeking leave to serve additional discovery requests consistent with Rule 26(b)(1) and (2). Plaintiff believes no alterations to the Rule 26(a) initial disclosures should be made, which have already been served pursuant to Rule 26(a)(1), with the exception of Rule 26(a)(1)(A)(iii)'s computation of damages requirement, which Plaintiff will not be able to disclose until substantial completion of merits related discovery. Preliminarily, however, Plaintiff has provided an estimate of restitutionary damages in the amount of $6,750,000 in Section "e" above.

**Defendant's Statement**

If Defendant's pending motion to dismiss the FAC is not granted, and discovery proceeds, Defendant anticipates that some or all of the witnesses identified in Section "d" above will be deponents. Defendant believes the dates by which these witnesses' depositions are to be completed should not be set unless and until this Court denies Defendant's pending motion but, in any event, should be no later than the dates set forth in Section "k" below.

Defendant anticipates issuing requests for admission, document requests, and interrogatories to Plaintiff. Defendant believes a schedule for completion of all discovery should not be set unless and until this Court denies Defendant's pending motion but, in any event, that all fact discovery should be completed by the date set forth in Section "k" below.

Defendant does not believe any changes in the disclosures under Rule 26(a), which were served on July 3, 2017, should be made.

The subjects on which discovery may be needed are set forth in Section "d" above.

Defendant does not believe any applicable limitations should be changed or other limitations imposed.

Defendant has discussed with Plaintiff, and intends to request entry of, a Stipulated Protective Order to govern the production and use of confidential information in this case.

**k.   DISCOVERY CUT-OFF**

Parties' proposed date: April 16, 2018

**l.   EXPERT DISCOVERY**

Parties' proposed date: April 16, 2018

    a.   Expert reports: March 19, 2018

    b.   Expert rebuttal reports: April 2, 2018

    c.   Expert discovery cut-off: April 16, 2018

**m.   DISPOSITIVE MOTIONS**

   **Plaintiff's Statement**

Plaintiff anticipates filing an offensive Rule 56 motion for summary judgment on liability under the UCL, FAL, and CLRA.

   **Defendant's Statement**

Defendant believes its liability may be determined by a Rule 56 motion for summary judgment.

**n.   SETTLEMENT/ADR**

The Parties have received a Notice to Parties of Court-Directed ADR program (form ADR-08).  The Parties have discussed selecting the Court Mediation Panel or private mediation but have not yet come to an agreement.  Plaintiff is amenable to ADR through either the Court Mediation Panel or private mediation at any time.  Defendant believes any ADR session should not take place until after the pleadings are settled and perhaps not until after a ruling on Defendant's anticipated Rule 56 motion.

**o.   TRIAL ESTIMATE**

   a.   **Plaintiff's Statement**: Jury trial, 5-10 court days, depending on number of witnesses called by each Party.  Plaintiff anticipates calling 5-7 witnesses.

   b.   **Defendant's Statement**:  At least some portion of any trial will be by jury, which Defendant estimates will last approximately 4 days.  Defendant contemplates calling approximately 5 witnesses at any trial.

**p.   TRIAL COUNSEL**

   a.   **Plaintiff's Counsel**: Ryan Clarkson, Shireen Clarkson, and Bahar Sodaify of Clarkson Law Firm, P.C.

   b.   **Defendant's Counsel**: David M. Jolley, Covington & Burling LLP.

**q.   INDEPENDENT EXPERT OR MASTER**

The Parties do not anticipate the need for an Independent Expert or Master.

**r.   TIMETABLE**

Please see Exhibit A, Schedule of Pretrial and Trial Dates, attached herewith.

**s.   OTHER ISSUES**

The Parties are presently unaware of any other matters that would affect the status or management of the case.

DATED:   July 3, 2017                      **CLARKSON LAW FIRM, P.C.**

__/s/ Ryan J. Clarkson_____
Ryan J. Clarkson, Esq.
Shireen M. Clarkson, Esq.
Bahar Sodaify, Esq.
Attorneys for Plaintiff and the Proposed Plaintiff Class

DATED:   July 3, 2017                      **COVINGTON & BURLING LLP**

__/s/ David M. Jolley_____
David M. Jolley, Esq.
Ashley Simonsen, Esq.
Attorneys for Defendant Tootsie Roll Industries, Inc.

### ATTESTATION OF FILER

Pursuant to Local Rule 5-4.3.4, the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:   July 3, 2017                      **COVINGTON & BURLING LLP**

__/s/ David M. Jolley_____
David M. Jolley, Esq.
Ashley Simonsen, Esq.
Attorneys for Defendant Tootsie Roll Industries, Inc.