UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

| | | | |
|---|---|---|---|
| Case No. | CV 17-2664 DSF (MRWx) | Date | 7/31/17 |
| Title | Ketrina Gordon, et al.  v. Tootsie Roll Industries, Inc. | | |

DALE S. FISCHER, United States District Judge

| | |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff | Attorneys Present for Defendant |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING in Part and DENYING in Part
Defendant's Motion to Dismiss First Amended Complaint (Dkt. 17)

Defendant Tootsie Roll Industries, Inc. moves to dismiss Plaintiff Ketrina
Gordon's First Amended Complaint for failure to state a claim.  In the alternative,
Defendant moves to strike Plaintiff's allegations regarding any product other than the 3.5
ounce Junior Mints snack box for a lack of standing.  The Court deems this matter
appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.
For the following reasons, the Court GRANTS the motion in part and DENIES the
motion in part.

## I.   BACKGROUND

Gordon brings her class action complaint on behalf of "[a]ll persons who
purchased the Products in the State of California for personal use and not for resale
during the time period February 10, 2013, through the present."  First Am. Compl. (FAC)
¶ 91.  The Products include Junior Mints 3.5 ounce boxes (Junior Mints), Sugar Babies 6
ounce boxes (Sugar Babies), and all other substantially similar products manufactured by
Defendant.  Id. ¶ 9.  Gordon alleges that Defendant deceptively misrepresents the amount
of candy in each box by filling only 55% of each box with candy.  Id. ¶ 3.  Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

further alleges that the Products contained nonfunctional slack-fill in violation of 21 C.F.R. § 100.100 and California Business and Professions Code § 12606.2, and thus constitute misleading containers.  Gordon bought a Junior Mints 3.5 ounce box at a movie theater concessions stand and relied on the opaque packaging and the size of the box as an indication of the amount of product inside.  Id. ¶ 4.  She alleges that if she had known that the box contained nonfunctional slack-fill, she would not have purchased the 3.5 ounce box of Junior Mints, or at least not paid for the candy product that she expected but was not present.  Id.  She brings claims for violations of California Consumers Legal Remedies Act (CLRA), California False Advertising Law (FAL), and California Unfair Competition Law (UCL).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted.  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  But the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."  Id. (alteration in original; citation and internal quotation marks omitted).  A complaint must "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  Although the scope of review is limited to the contents of the complaint, a court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).[1]

---

[1] Defendant requests judicial notice of a number of other complaints filed by plaintiff's counsel.  But those complaints are irrelevant; the request is denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong.  Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.  A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction.  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (alterations, citations, and internal quotation marks omitted).  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

## III.   DISCUSSION

### A.   <u>Plaintiff's Claims for Products Other than Junior Mints</u>

Defendant moves to strike Plaintiff's allegations regarding any products other than the 3.5 ounce box of Junior Mints because that is the only product that Plaintiff actually purchased.  Defendant contends Plaintiff has not alleged an injury-in-fact in connection with the other products, and thus lacks Article III standing to bring claims on behalf of purchasers of any other products.  <u>Id.</u>  The Court treats this motion as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed.  <u>See</u> <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 101–02 (1998).

In order to have Article III standing, a "plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is . . . concrete and particularized."  <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560(1992) (internal quotation marks omitted).  A plaintiff's injury is both "concrete and particularized," where the plaintiff is "relieved of money in transactions," and state law gives the plaintiff a right to monetary relief.  <u>Stearns v. Ticketmaster Corp.</u>, 655 F.3d 1013, 1021 (9th Cir. 2011), <u>abrogated on other grounds by</u> <u>Comcast Corp. v. Behrend</u>, 569 U.S. 27 (2013).  In the class action context, "[w]hen a named plaintiff has no cognizable claim for relief, she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail.  <u>Sanford v. MemberWorks, Inc.</u>, 625 F.3d 550, 560 (9th Cir. 2010) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Plaintiff alleges only that she purchased the 3.5 ounce box of Junior Mints, FAC ¶ 23, but argues she has standing to bring claims on behalf of class members for purchases of other products as long as those products are substantially similar.  She cites to a number of district court opinions for the proposition that a plaintiff may bring claims for substantially similar products not actually purchased by the putative class representative.  See, e.g., Astiana v. Dreyer's Grand Ice Cream, Inc., No. C-11-2910 EMC, 2012 WL 2990766, at *12 (N.D. Cal. July 20, 2012) (holding that a plaintiff that purchased some flavors of ice cream had standing to bring class claims concerning additional ice cream flavors).

Plaintiff contends Junior Mints and Sugar Babies are substantially similar because they are candies manufactured by Defendant and sold in similar boxes at similar locations.  But the heart of Plaintiff's claims is the issue of nonfunctional slack-fill.  One of the six enumerated functional reasons for slack-fill under California law is "[p]rotection of the contents of the package."  Cal. Bus. & Prof. Code § 12606.2(c)(1).  Thus, the determination of whether a product's packaging contains nonfunctional slack fill will require at least an examination of the packaging needed to protect that specific product.  Plaintiff has not alleged facts demonstrating sufficient similarities between the Junior Mints candy and the Sugar Babies candy (or the other non-specified "substantially similar" products) beyond the fact that they are candies manufactured by Defendant.

The Court dismisses Plaintiff's claims against all products other than the 3.5 ounce box of Junior Mints with leave to amend.

**B.    Adequacy of Plaintiff's Pleadings for Junior Mints**

Plaintiff's CLRA, UCL, and FAL claims allege that Defendant fraudulently deceived Plaintiff and the purported Class by filling Junior Mints' packaging with 45% less candy than its maximum capacity.  FAC ¶¶ 106–11, 120–24, 138–47.  Further, Plaintiff alleges this unused space in the Junior Mints box constituted nonfunctional slack-fill in violation of 21 C.F.R §100.100 and California Business and Professions Code Section 12602.2.  Id. ¶ 168.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  The CLRA similarly proscribes various "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

that results in the sale or lease or goods or services to any consumer."  Cal. Civ. Code § 1770(a).  The FAL makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

### 1. Plaintiff Has Sufficiently Alleged that Junior Mints' Packaging May Deceive a Reasonable Consumer

Defendant argues that Plaintiff has failed to plausibly allege that Junior Mints' packaging was deceptive to a reasonable consumer.

"The UCL and the [FAL] prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public."  Chapman v. Skype Inc., 220 Cal. App. 4th 217, 226 (2013) (alteration, citation, and internal quotation marks omitted).

> Plaintiff's claims under the California consumer protection statutes are governed by the "reasonable consumer" test.  Under this standard, Plaintiff must show that members of the public are likely to be deceived. This requires more than a mere possibility that [Junior Mints' packaging] might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.  Rather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.

Ebner v. Fresh, Inc., 838 F.3d 958, 965 (9th Cir. 2016) (internal citations and quotation marks omitted).

"Thus, to state a claim under either the UCL or the false advertising law, based on false advertising or promotional practices, it is necessary only to show that members of the public are likely to be deceived."  Chapman, 220 Cal. App. 4th at 226 (internal quotation marks omitted).  And "whether a business practice is deceptive will usually be a question of fact not appropriate for decision on a motion to dismiss."  Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1162 (9th Cir. 2012) (internal quotation marks, citations, and alterations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Whether advertising is misleading "is determined by considering a reasonable consumer who is neither the most vigilant and suspicious of advertising claims nor the most unwary and unsophisticated, but instead is the ordinary consumer within the target population." Chapman, 220 Cal. App. 4th at 226 (internal quotation marks omitted).

Defendant argues that a reasonable consumer could not have been misled by Junior Mints' packaging because the front of the package states the weight of candy and the rear of the packaging states both the number of pieces of candy per serving and the approximate number of servings in the package.  Further, Defendant argues that Plaintiff could clarify any potential ambiguity by handling the box or "rustling the candy inside the boxes."  Mot. at 13.  Defendant relies on the Ninth Circuit's decision in Ebner for the proposition that packaging is not misleading if it contains accurate disclosures of its contents.  Ebner involved lip product dispensed by a screw mechanism such that only 75% of the product was easily accessible by the consumer.  Ebner, 838 F.3d at 961.  The Ninth Circuit found that a reasonable consumer understands the mechanics of a dispenser tube and the fact that some product may be left in the tube to anchor the product in place.  Id. at 965.  Further, the Ninth Circuit determined that a reasonable consumer would also know that a portion of the product weight would consist of "some additional weight at the bottom of the tube - not consisting of product."  Id. at 967.

Plaintiff alleges that Junior Mints' packaging states that it contains 3.5 ounces of product and that the Nutrition Facts state that there are approximately 16 pieces of candy per serving and approximately 2.5 servings of candy per box.  FAC ¶ 35.  Unlike the situation in Ebner, the Court cannot find as a matter of law that a reasonable consumer purchasing candy in an opaque box necessarily expects there to be significant empty space in the box.  This is illustrated by the Boston Baked Beans box included in Plaintiff's complaint, which appears to have a much smaller amount of slack fill than Junior Mints' packaging.  Additionally, a reasonable consumer purchasing candy may not necessarily be aware of how the weight of product or number of pieces correlates to the physical amount of product, and thus may still expect a package to be more than 55% full despite accurate weight and product count labeling on the package.  Ebner is also distinguishable because the lip product in Ebner was merely difficult to access, but was not alleged to be nonexistent.  Ebner, 838 F.3d at 961.  Furthermore, the Ebner court found that the portion of product that was inaccessible had a functional purpose.  Here, the Court cannot find as a matter of law that the empty space in Junior Mints' packaging served a strictly functional purpose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Junior Mints' packaging accurately indicates the weight and number of pieces of candy in the box, but it does not necessarily convey to a reasonable consumer that Junior Mints' package will not be full of candy. In light of Plaintiff's allegations, the Court cannot find as a matter of law that a reasonable consumer of candy products understands that the amount of product indicated on the label is significantly less than is suggested by the size of the packaging.

### 2.    Plaintiff Has Sufficiently Alleged that Junior Mints' packaging Contained Nonfunctional Slack-Fill

California Business and Professions Code § 12606.2 incorporates 21 C.F.R §100.100 and generally prohibits the creation, formation or filling of food containers as to be misleading. Cal. Bus. & Prof. Code § 12606.2(b). "A container that does not allow the consumer to fully view its contents shall be considered to be filled as to be misleading if it contains nonfunctional slack fill." Cal. Bus. & Prof. Code § 12606.2(c). "Slack fill is the difference between the actual capacity of a container and the volume of product contained therein." Id.

Nonfunctional slack fill is the empty space in a package that is filled to substantially less than its capacity for reasons other than any one or more of the following:
(1) Protection of the contents of the package.
(2) The requirements of the machines used for enclosing the contents in the package.
(3) Unavoidable product settling during shipping and handling.
(4) The need for the package to perform a specific function, such as where packaging plays a role in the preparation or consumption of a food, if that function is inherent to the nature of the food and is clearly communicated to consumers.
(5) The fact that the product consists of a food packaged in a reusable container where the container is part of the presentation of the food and has value that is both significant in proportion to the value of the product and independent of its function to hold the food, such as a gift product consisting of a food or foods combined with a container that is intended for further use after the food is consumed or durable commemorative or promotional packages.
(6) Inability to increase the level of fill or to further reduce the size of the package, such as where some minimum package size is necessary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

> to accommodate required food labeling exclusive of any vignettes or other nonmandatory designs or label information, discourage pilfering, facilitate handling, or accommodate tamper-resistant devices.

Id.

Defendant argues that Plaintiff fails to allege sufficiently that the empty space in the Product constitutes nonfunctional slack-fill. Defendant also offers functional reasons for the slack-fill.[2]

Plaintiff alleges that "Defendant uniformly under-fills the opaque boxes of the Products by 45%." FAC ¶ 3. Plaintiff further alleges that the Junior Mints boxes clearly indicate that they will open outward when unsealed, leading a reasonable consumer to believe that no open space is required in the box. Id. ¶ 38. This is contrasted with other candy boxes that contain a perforated tab that is used to dispense candy and would require additional slack-fill to be functional. Id. Plaintiff also alleges that the increased slack-fill in the box provides the contents with a greater opportunity for damage during the shipping and handling process. Id. ¶ 44. Plaintiff alleges the Junior Mints box is sealed with heated glue on the exterior of the box, which would not require any equipment to breach the inside of the container, and thus is an additional indicator that any slack-fill is nonfunctional. Id. ¶ 48. Plaintiff further alleges that Junior Mints' packaging is not intended as a reusable container, and does not provide any significant commemorative value. Id. ¶¶ 52, 53. Plaintiff also compares the Junior Mints 3.5 ounce box with the Junior Mints XL box and notes that the Junior Mints XL box contains only 33% slack-fil instead of the 45% contained in the standard 3.5 ounce box. Id. ¶ 61. Finally, Plaintiff provides another counterexample in the form of the Boston Baked Beans candy, which Plaintiff alleges are packaged in a similar way to Junior Mints, but as indicated by images in Plaintiff's complaint, contain only a negligible amount of slack-fill. Id. ¶ 77.

The Court finds Plaintiff has provided sufficient concrete facts, which when coupled with the images in Plaintiff's complaint, plausibly allege that Junior Mints' packaging contains nonfunctional slack-fill.

---

[2] Because the Court does not consider the purported functional reasons for the slack-fill provided by Defendant, it need not address Plaintiff's objections to the Declarations of Gordon Brown and David M. Jolley.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

**IV.   CONCLUSION**

Defendant's motion to dismiss for lack of subject matter jurisdiction with respect to Plaintiff's claims against all products other than the 3.5 ounce box of Junior Mints is GRANTED with leave to amend.  An amended complaint may be filed no later than August 21 or the claims will be dismissed with prejudice.  The Court does not grant leave to add new claims or new parties, in the absence of a motion to amend.  Defendant's motion to dismiss for failure to state a claim with respect to Plaintiff's claims against the 3.5 ounce box of Junior Mints is DENIED.

IT IS SO ORDERED.