UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 17-2664 DSF (MRWx) | Date | 10/4/17 |
| Title | Ketrina Gordon, et al. v. Tootsie Roll Industries, Inc. | | |

DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff | Attorneys Present for Defendant |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING in PART and DENYING in PART Defendant's Motion to Dismiss Second Amended Complaint (Dkt. 50)

In its July 31, 2017 Order, the Court dismissed without prejudice Plaintiff's claims regarding products other than 3.5-ounce boxes of Junior Mints. See Dkt. 37 (Order) at 4. Defendant now moves to dismiss Plaintiff's Second Amended Complaint for lack of standing and failure to state a claim. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for October 16, 2017 is removed from the Court's calendar. For the reasons stated below, Defendant's motion is GRANTED in PART and DENIED in PART.

## I.    BACKGROUND

Plaintiff bought a 3.5-ounce box of Junior Mints at a movie theater, relying on the opaque packaging and the size of the box as an indication of the amount of candy inside. Second Am. Compl. (SAC) ¶ 4. She asserts that had she known the box was just over half filled with candy and contained 45% "nonfunctional slack-fill," she would not have purchased the Junior Mints. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Plaintiff brings this class action on behalf of "[a]ll persons who purchased the Products in the State of California for personal use and not for resale during the time period February 10, 2013, through the present." Id. ¶ 108. The Products include Junior Mints 3.5-ounce boxes like the one Plaintiff purchased, Sugar Babies 6-ounce boxes, and all other "substantially similar" products manufactured by Defendant "which are packaged and sold in opaque boxes." Id. ¶ 9. Plaintiff alleges that by filling only 55% of each box with candy, Defendant deceptively misrepresents the actual quantity of candy the box contains, in violation of California Consumers Legal Remedies Act (CLRA), California False Advertising Law (FAL), and California Unfair Competition Law (UCL).

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

If a plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101-02 (1998); Fed. R. Civ. P. 12(b)(1). To have Article III standing, a "plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is . . . concrete and particularized." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560(1992) (internal quotation marks omitted). A plaintiff's injury is both "concrete and particularized," where the plaintiff is "relieved of money in transactions," and state law gives the plaintiff a right to monetary relief. Stearns v. Ticketmaster Corp., 655 F.3d 1013, 1021 (9th Cir. 2011), abrogated on other grounds by Comcast Corp. v. Behrend, 569 U.S. 27 (2013). In the class action context, "[w]hen a named plaintiff has no cognizable claim for relief, she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail." Sanford v. MemberWorks, Inc., 625 F.3d 550, 560 (9th Cir. 2010) (internal quotation marks omitted).

### B.   Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

<u>Id.</u> (alteration in original; citation and internal quotation marks omitted).  A complaint must "state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u>

"If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *implausible*." <u>Id.</u>

### III.   DISCUSSION

As both parties acknowledge, courts in this Circuit take different approaches when analyzing whether, at the motion to dismiss stage, named class plaintiffs have standing to assert claims for products they did not purchase.  Some courts have held that these plaintiffs lack Article III standing to assert claims regarding non-purchased products, and any claims related to such products must therefore be dismissed.  See, e.g., <u>Granfield v. NVIDIA Corp.</u>, No. C 11-05403 JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012).  Other courts have held that as long as named plaintiffs have standing to sue for products they did purchase, any inquiry into non-purchased products produced by the same defendant should be addressed at the class certification stage, i.e., as part of determining whether plaintiffs can adequately represent purchasers of other products.  See, e.g., <u>Koh v. S.C. Johnson & Son, Inc.</u>, No. C-09-00927 RMW, 2010 WL 94265, at *3 (N.D. Cal. Jan. 6, 2010).  Finally, some courts have held that the standing requirement is met when named plaintiffs demonstrate substantial similarity between the products actually purchased and the non-purchased products, and any material differences between or among the products is best addressed at class certification.  See, e.g., <u>Astiana v. Dreyer's Grand Ice Cream, Inc.</u>, No. C-11-2910 EMC, 2012 WL 2990766, at *13 (N.D. Cal. July 20, 2012).

The Court adopts the third, "substantially similar" approach.  In determining whether plaintiff has plausibly alleged substantial similarity among products, courts have considered "a series of factors including whether the challenged products are of the same kind, comprised of largely the same ingredients, and whether each of the challenged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

products bears the same alleged mislabeling." Figy v. Frito-Lay N. Am., Inc., 67 F. Supp. 3d 1075, 1083 (N.D. Cal. Aug. 12, 2014) (citation omitted). Here, as the Court noted in its July 31, 2017 Order, determination of Plaintiff's claims will turn in part on whether the Products' empty box space constitutes functional or nonfunctional slack-fill. Order at 4; see Cal. Bus. & Prof. Code § 12606.2(c)(1) ("Protection of the contents of the package" is a functional reason for slack-fill). Thus, Plaintiff must allege facts demonstrating sufficient similarities between the composition of Junior Mints and Sugar Babies (or any other products Plaintiff seeks to include in the action), such that the functional versus nonfunctional slack-fill analysis likely would be the same for both products.

The SAC alleges in relevant part that Junior Mints and Sugar Babies: (1) have similar density, weight, volume, size, and shape; (2) contain five of the same ingredients; (3) are sold in packages that are manufactured in the same facilities, using the same equipment and method; and (4) are contained in 3.5-ounce and 6-ounce boxes, respectively, both of which have the allegedly deceptive 45% nonfunctional slack-fill. SAC ¶¶ 21-22, 26-29, 31.

Accepting these allegations as true, the Court finds that Plaintiff has alleged sufficient similarity between the 3.5-ounce box of Junior Mints and the 6-ounce box of Sugar Babies; Defendant's motion to dismiss Plaintiff's claims related to the 6-ounce box of Sugar Babies is therefore DENIED.[1] See Colucci v. ZonePerfect Nutrition Co., No. 12-2907-SC, 2012 WL 6737800, at *4 (N.D. Cal. Dec. 28, 2012) (finding "more than enough similarity" among nutrition bars of different flavors but bearing the same challenged label to confer standing under Article III and for the UCL). By contrast, because the SAC includes no factual allegations demonstrating similarities between these products and other unspecified Tootsie Roll products, Defendant's motion to dismiss as to all products other than the 3.5-ounce box of Junior Mints and the 6-ounce box of Sugar Babies is GRANTED.

IT IS SO ORDERED.

---

[1] Whether Junior Mints and Sugar Babies have material differences in composition that affect functional slack-fill is an issue of fact, and if need be can be addressed at the class certification stage. Astiana, 2012 WL 2990766, at *11-12.