1

2

3                    UNITED STATES DISTRICT COURT

4                   CENTRAL DISTRICT OF CALIFORNIA
                            WESTERN DIVISION
5

6    KETRINA GORDON,                 )
                                     )
7                                    )
                PLAINTIFF,           )
8                                    )
                V.                   )
9                                    )
     TOOTSIE ROLL INDUSTRIES, INC., )
10   ET AL.,                         )
                                     )  CV 17-2664-DSF(MRWX)
11              DEFENDANTS.          )  JANUARY 10, 2018
                                     )
12                                   )  (9:38 A.M. TO 9:56 A.M.)
     _____)

13

14                        DISCOVERY CONFERENCE

15            BEFORE THE HONORABLE MICHAEL R. WILNER
                 UNITED STATES MAGISTRATE JUDGE
16

17   APPEARANCES:            SEE NEXT PAGE

18   COURT REPORTER:         RECORDED; COURT SMART

19   COURTROOM DEPUTY:       MEL ZAVALA

20   TRANSCRIBER:            DOROTHY BABYKIN
                             COURTHOUSE SERVICES
21                           1218 VALEBROOK PLACE
                             GLENDORA, CALIFORNIA  91740
22                           (626) 963-0566

23   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
     TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
24

25

2

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFF KETRINA GORDON:

 3               CLARKSON LAW FIRM PC
               BY:  RYAN J. CLARKSON
 4                 BAHAR SODAIFY
                 ATTORNEYS AT LAW
 5             9255 SUNSET BOULEVARD
               SUITE 804
 6             LOS ANGELES, CALIFORNIA  90069

 7
     FOR THE DEFENDANTS TOOTSIE ROLL INDUSTRIES, INC., ET AL.:
 8
               COVINGTON & BURLING LLP
 9             BY:  ASHLEY SIMONSEN
                 ATTORNEY AT LAW
10             ONE FRONT STREET
               SAN FRANCISCO, CALIFORNIA  94111
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1                        I N D E X
   CV 17-2664-DSF(MRWX)                    JANUARY 10, 2018
2
   PROCEEDINGS:   HEARING ON DISCOVERY MOTION
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1           LOS ANGELES, CALIFORNIA; JANUARY 10, 2018; 9:38 A.M.

2               THE COURT:  ALL RIGHT.  LET'S CALL THE TOOTSIE ROLL

3      CASE.

4               THE CLERK:  CALLING CASE NUMBER CV 17-2664-DSF(MRWX),

5      KETRINA GORDON VERSUS TOOTSIE ROLL INDUSTRIES, INC.

6               COUNSEL, PLEASE STATE YOUR APPEARANCE.

7               MR. CLARKSON:  GOOD MORNING, YOUR HONOR.

8               RYAN CLARKSON APPEARING ON BEHALF OF PLAINTIFF.

9               THE COURT:  MR. CLARKSON.

10              MS. SODAIFY:  GOOD MORNING, YOUR HONOR.

11              BAHAR SODAIFY FOR PLAINTIFF.

12              THE COURT:  MS. SODAIFY.

13              MS. SIMONSEN:  GOOD MORNING, YOUR HONOR.

14              ASHLEY SIMONSEN, COVINGTON & BURLING, FOR THE

15     DEFENDANT --

16              THE COURT:  MS. --

17              MS. SIMONSEN:  -- TOOTSIE ROLL.

18              THE COURT:  MS. SIMONSEN, GOOD MORNING TO YOU, ALL.

19              ALL RIGHT.  THE MATTER IS ON FOR A DISCOVERY MOTION.

20              THIS IS A MOTION TO COMPEL DISCLOSURE OF THE IDENTITY

21     OF AN EXPERT WHO IS REFERENCED IN BOTH THE FIRST AND SECOND

22     AMENDED COMPLAINTS IN THE SLACK-FILL CASE AND THEN SOME OTHER

23     DISCOVERY REQUESTS.

24              I TOOK A LOOK AT THE PARTIES' STIPULATION AND JOINT

25      -- WELL, JOINT SUBMISSION.  IT'S NEVER -- I DON'T KNOW WHY WE

1    CALL IT A STIPULATION.  YOU HAVEN'T AGREED TO ANYTHING.  IT'S A

2    JOINT SUBMISSION LAYING OUT THE DISCOVERY DISPUTE THAT WAS

3    FILED IN MID-DECEMBER.  THERE WERE SOME SUPPORTING MATERIALS.

4    THERE WERE NO SUPPLEMENTAL BRIEFS.

5            MS. SIMONSEN, YOUR MOTION.  DO YOU WANT TO BE HEARD

6    ON IT?

7            MS. SIMONSEN:  YES, YOUR HONOR.

8            THE COURT:  YOU USE THE LECTERN IN FEDERAL COURT.

9            MS. SIMONSEN:  AND I'LL TRY TO BE BRIEF, YOUR HONOR.

10           WE'RE HERE TODAY BECAUSE THE PLAINTIFF HAS REFUSED TO

11   DISCLOSE THE IDENTITY OF AN EXPERT THAT SHE EXPRESSLY RELIED

12   UPON IN BRINGING THE CLAIMS IN THIS CASE.

13           THE COURT:  RIGHT.

14           MS. SIMONSEN:  AS YOU NOTED, THAT EXPERT WAS

15   IDENTIFIED IN THE FIRST AND THE SECOND AMENDED COMPLAINT.

16           THE BOTTOM LINE, YOUR HONOR, IS THAT THE PLAINTIFF

17   CANNOT USE HER EXPERT AND THAT EXPERT'S OPINIONS AND

18   CONCLUSIONS AS BOTH A SWORD AND A SHIELD.

19           SHE HAS CHOSEN TO RELY ON THE OPINIONS OF THAT EXPERT

20   IN HER PLEADINGS IN THIS CASE.

21           THE COURT:  UH-HMM.

22           MS. SIMONSEN:  IT IS APPARENT THAT SHE DID SO IN AN

23   EFFORT TO BOLSTER THE VIABILITY OF HER CLAIMS AND HER

24   ALLEGATIONS IN AN EFFORT TO OPPOSE THE DEFENDANT'S ORIGINAL

25   MOTION TO DISMISS.

1       AND HAVING DONE SO SHE CANNOT NOW REFUSE TO DISCLOSE

2   THE IDENTITY OF THAT EXPERT OR THE FACTUAL BASIS FOR HER OR HIS

3   CONCLUSIONS.

4       THE COURT:  I WENT THROUGH YOUR PAPERS VERY CLOSELY.

5   AND I USED A COMPUTER TO SEARCH FOR ALL OF THE REFERENCES TO

6   FEDERAL RULE OF CIVIL PROCEDURE 26(B)(4)(D) IN YOUR PORTION OF

7   THE JOINT SUBMISSION.  I DIDN'T SEE ANY.

8       MS. SIMONSEN:  YOUR HONOR, THE LEGAL DOCTRINE AT

9   ISSUE HERE IS THE DOCTRINE THAT STATES THAT WHEN A PARTY PUTS

10  PRIVILEGED MATERIAL, WHETHER THAT'S WORK PRODUCT OR

11  ATTORNEY-CLIENT PRIVILEGE MATERIAL, AT ISSUE IN A PROCEEDING,

12  THAT MATERIAL IS THEN SUBJECT TO DISCLOSURE.  AND THAT IS WHY

13  THE MANY --

14      THE COURT:  UNLESS RULE 26(B)(4)(D) SAYS NOT.

15      MR. SIMONSEN:  WELL, RULE 26(B)(4)(D) IS ESSENTIALLY

16  NOT -- DOES NOT APPLY IN A CASE WHERE A PARTY HAS PUT THE

17  CONCLUSIONS OF THE EXPERT -- OR IN THE CASE OF ATTORNEY-CLIENT

18  COMMUNICATIONS --

19      THE COURT:  WHAT'S YOUR AUTHORITY FOR THAT?

20      MS. SIMONSEN:  THE AUTHORITY ARE THE CASES THAT WE

21  CITED IN OUR BRIEF.  SO, THAT WOULD BE HATAMIAN --

22      THE COURT:  DID HATAMIAN DISCUSS RULE 26(B)(4)(D) IN

23  THE CONTEXT OF AN EXPERT WITNESS?

24      MS. SIMONSEN:  IT DID NOT.  I BELIEVE THE CASE THAT

25  WE CITE THAT DISCUSSES THE AT-ISSUE DOCTRINE SPECIFICALLY WITH

7

1   RESPECT TO EXPERTS -- ACTUALLY, THAT WAS, IN FACT, THE HATAMIAN

2   CASE, YES, YOUR HONOR.

3              THE COURT:  OKAY.  AND FROM YOUR READING OF HATAMIAN

4   COULD YOU DETERMINE WHETHER THE EXPERT UPON WHOM THE PLAINTIFF

5   RELIED IN DRAFTING THAT DOCUMENT HAD ALSO DESIGNATED THAT

6   PERSON TO BE AN EXPERT TESTIFYING AT TRIAL?

7              MS. SIMONSEN:  I COULD NOT, YOUR HONOR.  IT'S -- IT

8   LOOKS TO --

9              THE COURT:  THAT MAKES IT A LITTLE LESS CONVINCING.

10             MS. SIMONSEN:  WELL, I THINK WHAT HAPPENED WAS IN

11  THAT -- IN THAT AS I READ THE CASE THE PLAINTIFF HAD IDENTIFIED

12  WHAT THE PLAINTIFF REFERRED TO AS "INDUSTRY EXPERT A" IN THE

13  COMPLAINT.  AND --

14             THE COURT:  AND SEPARATELY --

15             MS. SIMONSEN:  -- ASSERTED --

16             THE COURT:  AND SEPARATELY SAID I'M GOING TO TURN

17  THAT OVER DOWN THE ROAD.

18             MS. SIMONSEN:  AND SEPARATELY SAID THE PARTIES DO NOT

19  NEED TO DISCLOSE EXPERTS UNTIL THE TIME FOR EXPERT DISCLOSURES.

20             THE COURT:  SUGGESTING THAT THAT WAS NOT A CONSULTING

21  EXPERT USED FOR PURPOSES OF ADVANCING LITIGATION BUT ACTUALLY

22  TESTIFYING AT TRIAL.

23             MS. SIMONSEN:  WELL, IRREGARDLESS, YOUR HONOR,

24  WHETHER IT'S A TESTIFYING EXPERT --

25             THE COURT:  RIGHT.

1          MS. SIMONSEN:  -- THAT THE PARTY INTENDED TO USE

2     LATER AT TRIAL --

3               THE COURT:  RIGHT.

4          MS. SIMONSEN:  -- OR A CONSULTING EXPERT THAT THE

5     PARTY MERELY CONSULTED FOR PURPOSES OF BRINGING THE LAWSUIT,

6     WHEN THAT PERSON'S OPINIONS AND CONCLUSIONS ARE EXPRESSLY

7     REFERENCED IN A COMPLAINT, THEY ARE PUT AT ISSUE IN THE

8     LITIGATION AND ARE THEREFORE SUBJECT TO DISCLOSURE.

9               THE COURT:  AND YOUR BEST CASE ON THAT IS?

10          MS. SIMONSEN:  WELL, I THINK HATAMIAN IS THE BEST

11     CASE BECAUSE IT ADDRESSES EXPRESSLY AN EXPERT THAT IS REFERRED

12     TO IN THE COMPLAINT.  BUT I THINK BROWNE AND TENET HEALTHCARE

13     EQUALLY SUPPORT THE PROPOSITION THAT WHEN WORK PRODUCT IS

14     EXPRESSLY PLACED AT ISSUE IN A COMPLAINT --

15               THE COURT:  DID EITHER BROWNE OR TENET INVOLVE

16     EXPERTS?

17          MS. SIMONSEN:  NO.  THEY INVOLVED INVESTIGATORS

18     EMPLOYED BY THE PLAINTIFF AND IN THE CASE OF TENET HEALTHCARE

19     THE GOVERNMENT'S OWN ANALYSTS.

20               AND, SO, IN EITHER CASE WHETHER -- WHETHER

21     INVESTIGATORS, WHETHER ANALYSTS, WHETHER NON-TESTIFYING

22     CONSULTING EXPERTS --

23               THE COURT:  YOU HAVE -- YOU HAVE ME ON THE

24     WORK-PRODUCT ISSUE.  I GOT IT.  AND THERE'S AN ANALYSIS THERE

25     ABOUT WHETHER, YOU KNOW, THEY CAN HIDE BEHIND SOMETHING.  AND I

1   GET THAT.

2           BUT YOUR BIG PROBLEM IS THAT THE FEDERAL RULES OF

3   CIVIL PROCEDURE APPEAR TO DEAL WITH THIS SPECIFIC SITUATION.

4   AND WHATEVER THE PRINCIPLES ARE THAT YOU'RE RELYING ON, THE

5   RULE DICTATES SOMETHING DIFFERENT.

6           MS. SIMONSEN:  WELL, PROSPECTIVELY, YOUR HONOR, RULE

7   26 DOESN'T DEAL WITH THIS SPECIFIC SITUATION BECAUSE TYPICALLY

8   A PARTY DOES NOT EXPRESSLY REFERENCE THE OPINIONS AND

9   CONCLUSIONS OF A CONSULTING EXPERT IN THEIR COMPLAINT.  IT IS

10  IN THOSE CIRCUMSTANCES THAT THE PARTY IS THEN REQUIRED TO

11  DISCLOSE THE IDENTITY OF THE CONSULTING EXPERT.

12          THE COURT:  OKAY.  AND --

13          MS. SIMONSEN:  THAT SITUATION --

14          THE COURT:  AND IF YOU'RE RELYING ON TWO CASES THAT

15  DON'T TALK ABOUT EXPERTS, BROWNE AND TENET, YOU GOT A PROBLEM.

16  BECAUSE THE LITERAL TERMS OF THE RULE SAY IT DOESN'T REALLY

17  MATTER WHAT THE CIRCUMSTANCE IS.  THEY CAN TALK TO WHOEVER THEY

18  WANT TO TALK TO.  SIT IN A CONFERENCE ROOM.  SIT IN AN OFFICE.

19  PUT SOMETHING INTO A PLEADING.  YOU'RE NOT ENTITLED TO THAT

20  UNLESS THE SPECIFIC CIRCUMSTANCES SET FORTH IN THE RULE ARE

21  SATISFIED.

22          MS. SIMONSEN:  WELL, AGAIN, I THINK --

23          THE COURT:  AND THERE'S -- AND THERE'S AMPLE LAW ON

24  THAT.

25          MS. SIMONSEN:  YOUR HONOR, RESPECTFULLY, I THINK

1   TENET HEALTHCARE AND BROWNE, ALTHOUGH THEY DIDN'T DEAL WITH

2   EXPERTS, DEMONSTRATE THE EXACT SAME PRINCIPLE THAT'S SET FORTH

3   --

4               THE COURT:  OKAY.

5               MS. SIMONSEN:  -- IN HATAMIAN --

6               THE COURT:  GOT IT.

7               MS. SIMONSEN:  -- WHICH -- WHICH DOES PERTAIN TO AN

8   EXPERT.  AND --

9               THE COURT:  RIGHT.  BUT THERE'S NO RULE -- OKAY.  I

10  GOT IT.  OKAY.

11              ANYTHING ELSE?

12              MS. SIMONSEN:  I WOULD SIMPLY ADD, YOUR HONOR, THAT

13  THE BASES ON WHICH PLAINTIFF TRIES TO DISTINGUISH THE CASES

14  THAT WE'VE CITED ARE -- ARE UNAVAILING.

15              AND PLAINTIFF DOES NOT TAKE ON ANY -- THE SPECIFIC

16  DOCTRINE THAT WHEN A PARTY PLACES AT ISSUE THE OPINIONS AND

17  CONCLUSIONS OF AN EXPERT, THEY ARE THEN SUBJECT TO DISCLOSURE

18  --

19              THE COURT:  HOW -- LET'S ASK -- I MEAN, LET ME GET --

20  I UNDERSTAND THAT THEY HAVE ALLEGED SOMETHING BASED ON AN

21  EXPERT WHO LOOKED AT THE CANDY BOXES.  I GOT IT.  OKAY.

22              THAT'S NOT NECESSARILY HOW THEY'RE GOING TO PROVE

23  THIS CASE, CORRECT?

24              MS. SIMONSEN:  THAT'S RIGHT, YOUR HONOR.  BUT THEY

25  EXPRESSLY RELIED ON AND SUMMARIZED THOSE CONCLUSIONS IN THEIR

1   COMPLAINT IN ORDER TO SURVIVE A MOTION TO DISMISS.

2           THE COURT:  WHICH THEY DID.  AND YOU ANSWERED.

3           MS. SIMONSEN:  BUT HAVING RELIED ON THOSE CONCLUSIONS

4   IN THEIR COMPLAINT, THEY HAVE PLACED THOSE CONCLUSIONS AND THE

5   IDENTITY OF THEIR EXPERT AT ISSUE JUST AS THEY HAVE PLACED

6   EVERYTHING ELSE IN THEIR COMPLAINT AT ISSUE IN THIS CASE.

7           AND HAVING --

8           THE COURT:  PLACING IT AT ISSUE.  I DON'T -- I DON'T

9   --

10          MS. SIMONSEN:  PLACING SOMETHING AT ISSUE --

11          THE COURT:  -- UNDERSTAND THAT.

12          MS. SIMONSEN:  THAT'S LANGUAGE THAT COMES DIRECTLY

13  FROM THE HATAMIAN CASE.  AND IT -- WHAT IT MEANS IS TO ALLEGE

14  SOMETHING IN SUPPORT OF YOUR CLAIMS AND THEREBY RENDER IT

15  RELEVANT TO THE PROCEEDINGS.

16          AND WHAT THE CASES WE'VE CITED -- CITED STAND FOR IS

17  THE PROPOSITION THAT THE ALLEGATIONS OF A PLAINTIFF'S COMPLAINT

18  ARE RELEVANT TO THE PROCEEDINGS, OBVIOUSLY, AND ARE THEREFORE

19  SUBJECT TO DISCOVERY BY THE DEFENDANT.

20          IN THIS CASE PLAINTIFF ELECTED TO EXPRESSLY CITE HER

21  PLAINTIFF'S -- HER -- HER EXPERT'S CONCLUSIONS AND OPINIONS.

22          THE FACT THAT SHE CONSULTED WITH HER EXPERT,

23  ORDINARILY THOSE TYPES OF THINGS ARE NOT ACTUALLY DISCLOSED IN

24  THE LITIGATION.  AND THAT'S PART OF WHY THEY ARE SUBJECT TO

25  PROTECTION.

1        HERE BY CONTRAST PLAINTIFF HAS ACTUALLY DESCRIBED HER

2    CONSULTATION WITH HER EXPERT.  SHE HAS REFERENCED THAT EXPERT'S

3    PRO- --

4        THE COURT:  I KNOW.  I READ -- I READ THE COMPLAINT.

5    I GOT IT.

6        MS. SIMONSEN:  AND --

7        THE COURT:  YOUR REQUEST MAKES VERY LITTLE SENSE TO

8    ME GIVEN THE CLEAR STATEMENT OF THE RULE.

9        THE LAW YOU CITED DOESN'T REALLY MOVE THE NEEDLE,

10   PARTICULARLY GIVEN THAT THE FACTS ARE ENTIRELY DIFFERENT.

11        NOW, I DO HAVE AN ISSUE, MR. CLARKSON -- I'LL GET YOU

12   AT THE LECTERN.

13        DO YOU NEED TO BE HEARD FURTHER ON THIS?

14        MR. CLARKSON:  NO, YOUR HONOR.

15        THE COURT:  OKAY.  SO, YOU'VE GOT THE EXPERT YOU

16   TALKED WITH IN PUTTING TOGETHER YOUR COMPLAINT TO SURVIVE RULE

17   11, RIGHT? -- BASICALLY.

18        MR. CLARKSON:  WELL, THE INTENT WASN'T TO SURVIVE

19   RULE 11.  WE THINK THAT THE -- THE ALLEGATIONS -- THE

20   ALLEGATIONS REGARDING REFERENCES TO THE CONSULTING EXPERT WE

21   BELIEVE WERE INCONSEQUENTIAL TO THE COURT'S RULING ON THE RULE

22   12 MOTION.

23        THE COURT:  WELL --

24        MR. CLARKSON:  BUT --

25        THE COURT:  -- EVEN IF IT WAS FUNDAMENTAL, THIS IS

1    DISCOVERY WITH AN EYE TOWARD TRIAL.

2            MR. CLARKSON:  THAT'S CORRECT, YOUR HONOR.

3            THE COURT:  OKAY.  SO, AT SOME POINT YOU'VE GOT

4    ANOTHER EXPERT.

5            MR. CLARKSON:  WE DO, YOUR HONOR.

6            THE COURT:  OKAY.  AND YOU'RE NOT TURNING OVER THAT

7    NAME.

8            MR. CLARKSON:  I -- THAT NAME HASN'T BEEN REQUESTED.

9    BUT WE ARE HAPPY TO TURN OVER THAT NAME.  IN FACT, WE'RE GOING

10   TO BE SUBMITTING A DECLARATION ON BEHALF OF OUR PACKAGING

11   ENGINEER THAT IS RETAINED, TESTIFYING AND WILL BE DESIGNATED.

12           THE TIME FOR DESIGNATION ISN'T UNTIL APRIL 30, 2018.

13   BUT --

14           THE COURT:  THAT'S THE -- THAT'S THE LAST DAY.

15           MR. CLARKSON:  CORRECT.  CORRECT.

16           AS I --

17           THE COURT:  BECAUSE, I MEAN, ONE ARGUMENT -- ONE

18   ARGUMENT I DIDN'T HEAR FROM TOOTSIE ROLL IS, HEY, WE HAVE TO GO

19   OUT AND FIND OUR OWN PACKAGING EXPERT.  JUST TELL US WHO YOUR

20   PERSON WAS THAT YOU CONSULTED WITH SO WE DON'T TRIP OVER SOME

21   SORT OF CONFLICT ISSUE OR ANYTHING LIKE THAT.  AND YOU HAVEN'T

22   TOLD THEM EITHER NAME.

23           MR. CLARKSON:  YES, YOUR HONOR.

24           IT HASN'T BEEN -- THE ANSWER IS IT HASN'T BEEN

25   REQUESTED.  IT -- WE'VE COMMUNICATED TO DEFENDANT THAT IT WILL

1  BE --

2          THE COURT:  SO -- SO -- SO -- SO, THE DEFENSE --

3          MR. CLARKSON:  -- DISCLOSED --

4          THE COURT:  -- ONLY ASKED FOR THE NAME OF THE EXPERT

5  INVOLVED IN THE DRAFTING OF THE AMENDED COMPLAINT.

6          AND HASN'T ASKED FOR THE NEXT EXPERT?

7          MR. CLARKSON:  THAT'S CORRECT, YOUR HONOR.

8          THE COURT:  MS. SIMONSEN, DO YOU WANT TO KNOW WHO

9  THEIR OTHER EXPERT IS?

10         MS. SIMONSEN:  YOUR HONOR, EVENTUALLY WHEN THE TIME

11 COMES TO DISCLOSE THE --

12         THE COURT:  OH, YOU DON'T WANT IT TODAY?  OKAY.

13         MS. SIMONSEN:  I MEAN, I'M HAPPY TO TAKE IT TODAY,

14 YOUR HONOR.

15         THE COURT:  YOU'RE --

16         MS. SIMONSEN:  BUT THE REASON THAT WE ARE MOVING --

17         THE COURT:  I'M NOT GOING TO -- I'M NOT GOING TO

18 FORCE ANYBODY --

19         MS. SIMONSEN:  BUT --

20         THE COURT:  OKAY.

21         MS. SIMONSEN:  BUT JUST TO BE CLEAR, THE REASON THAT

22 WE'RE NOT --

23         THE COURT:  YOU HAVE TO STAND UP IN FEDERAL COURT.

24         MS. SIMONSEN:  WOULD YOU LIKE ME TO APPROACH THE

25 PODIUM, YOUR HONOR?

1          THE COURT:  IF YOU WANT TO BE RECORDED, YEAH.

2          MS. SIMONSEN:  YOUR HONOR, THE REASON WE HAVEN'T

3     MOVED FOR DISCLOSURE OF THE EXPERT THEY INTEND TO RELY ON IS

4     BECAUSE THAT EXPERT'S OPINIONS WE KNOW THAT WE WILL -- THERE

5     WILL COME A TIME WHEN WE WILL GET DISCOVERY INTO THAT.

6          THE COURT:  OKAY.

7          MS. SIMONSEN:  FOR CURRENT PURPOSES WHAT WE'RE

8     INTERESTED IN, AND I THINK IT'S IMPORTANT THAT YOUR HONOR

9     REFERENCED RULE 11, BECAUSE RULE 11 IS ONE OF THE PRINCIPLES

10    THAT ANIMATES THE PROPOSITION THAT A DEFENDANT IS ENTITLED TO

11    DISCOVERY OF THE ALLEGATIONS IN A COMPLAINT IN ORDER TO

12    UNDERSTAND WHETHER A PLAINTIFF ACTUALLY HAD A BASIS FOR THOSE

13    ALLEGATIONS.

14          AND IN THIS CASE ALL WE KNOW IS THAT PLAINTIFF HAS

15    REFERRED TO CONSULTATION WITH A PURPORTED EXPERT --

16          THE COURT:  UH-HUH.

17          MS. SIMONSEN:  -- ABOUT THE SNACK BOXES IN THESE

18    CASES.  WHILE PLAINTIFF'S COUNSEL HAS FILED AT LEAST FIVE --

19          THE COURT:  AM I SUPPOSED -- AM I SUPPOSED TO CALL IT

20    SNACK AS OPPOSED TO CANDY.  DID I MAKE -- DID I STEP ON

21    SOMETHING THERE?  I DON'T WANT TO --

22          MS. SIMONSEN:  NO, YOU CAN CALL --

23          THE COURT:  I DON'T WANT TO OFFEND MY GOOD FRIENDS AT

24    --

25          MS. SIMONSEN:  -- IT'S CANDY.  IT'S --

1           THE COURT:  BECAUSE I'M A JUNIOR MINTS FAN.  WE

2   ALREADY HAD THIS DISCUSSION.

3           MS. SIMONSEN:  RIGHT.

4           BUT, YOUR HONOR, PLAINTIFF'S COUNSEL HAS FILED FIVE

5   OTHER LAWSUITS CONTAINING NEARLY IDENTICAL ALLEGATIONS TO THOSE

6   IN THIS CASE INCLUDING THE ALLEGATIONS ABOUT CONSULTATION WITH

7   A PURPORTED EXPERT.

8           NOW, THOSE ALLEGATIONS THAT THIS EXPERT CONFIRMED

9   PLAINTIFF'S CONTENTIONS --

10          THE COURT:  YEP.

11          MS. SIMONSEN:  -- THAT THE SLACK-FILL WAS

12   NONFUNCTIONAL, THAT IT DIDN'T PROTECT THE CANDY, THAT NONE OF

13   THE -- THAT SLACK-FILL WASN'T NECESSARY TO ACCOMMODATE PRODUCT

14   SETTLING.  THAT IT WASN'T NECESSARY TO ACCOMMODATE THE MACHINES

15   USED TO ENCLOSE THE CONTENTS.

16          THOSE ARE IMPORTANT AND SPECIFIC FACTS THAT WERE

17   ALLEGED IN THE COMPLAINT --

18          THE COURT:  THAT THEY BETTER BE ABLE TO PROVE BY THE

19   TIME OF TRIAL.  I GOT IT.

20          MS. SIMONSEN:  BUT, YOUR HONOR, THEY --

21          THE COURT:  AND THESE -- THESE ARE -- THESE ARE NOT

22   PERCIPIENT WITNESSES.  THESE ARE NOT THE CONFIDENTIAL

23   WITNESSES.  THESE ARE NOT PEOPLE FOUND WHEN AN INVESTIGATOR

24   POUNDS THE PAVEMENT AND FINDS THE X EMPLOYEES.  BECAUSE THOSE

25   ARE THE PEOPLE WHO WILL BE TESTIFYING AT TRIAL.

1          AND I UNDERSTAND THE BASIS FOR, YOU KNOW, THE LAW

2    THAT YOU FOUND.  AND I ALSO UNDERSTAND THE OPERATION OF RULE 26

3    OR I BELIEVE I DO.  AND I THINK -- I THINK, YOU KNOW, WHATEVER

4    YOU WANT TO DO TO ATTACK THE LEGITIMACY OR THE VALIDITY OF THE

5    PLEADINGS THAT TIME HAS PASSED.

6          IF WHAT YOU'RE SAYING IS THESE FOLKS ARE FILING THESE

7    CASES EVERY 15 MINUTES AND THEY DON'T REALLY HAVE A BASIS FOR

8    IT, AND, YOU KNOW, YOU CAN GET SOME TRACTION ON THAT DOWN THE

9    ROAD, SO BE IT.  JUDGE FISCHER MAY DOWN THE ROAD AUTHORIZE

10   DISCOVERY IF THERE IS, FOR EXAMPLE -- AND I'M REALLY JUST

11   SPITBALLING HERE -- BUT IF THERE IS SOME SORT OF RULE 11

12   VIOLATION, IF THERE REALLY WAS NO LEGITIMATE OR REASONABLE

13   BASIS IN FACT OR LAW TO FILE THESE CASES.

14          BUT I DON'T -- I DON'T BELIEVE THE FEDERAL RULES OF

15   CIVIL PROCEDURE AUTHORIZE THIS TYPE OF DISCOVERY THAT IS

16   BACKWARD LOOKING AS TO THE PROCESS BY WHICH THIS COMPLAINT WAS

17   DRAFTED.

18          I BELIEVE THE FEDERAL RULES OF PROCEDURE ARE FOR

19   DISCOVERY -- YOU UNDERSTAND WHAT HAS BEEN PLED BECAUSE THAT WAS

20   AT ISSUE WITH JUDGE FISCHER AT THE DISMISSAL MOTIONS, RIGHT.  I

21   MEAN, YOU KNOW, HAVE THEY STATED ENOUGH THAT IF PROVEN STATE A

22   CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED OR AN ISSUE

23   THAT CAN GO TO A JURY.  SHE SAID THEY HAVE.  AND, SO, NOW WE

24   MORE FORWARD INTO DEVELOPING THAT PROOF.

25          IF IT'S NOT THERE, COULD TOOTSIE ROLL COME BACK LATER

1    AND SAY, HEY, THIS WAS A FRIVOLOUS CASE.  WE EXPENDED A LOT OF

2    ENERGY AND MONEY AND WE HAVE REASON TO BELIEVE THAT THERE NEVER

3    WAS AN EXPERT AND START PROCEEDINGS THAT WAY.  OR FOR ABUSE OF

4    PROCESS OR MALICIOUS PROSECUTION, MAYBE.  COME TALK -- COME

5    TALK TO ME THEN.

6            MS. SIMONSEN:  AND I -- I SEE YOUR POINT, YOUR HONOR,

7    BUT THERE'S NO WAY FOR US TO KNOW -- THE QUESTION IS DID THEY

8    HAVE THE FACTS BEFORE THEY FILED THEIR COMPLAINT.  THE QUESTION

9    IS NOT CAN THEY --

10           THE COURT:  HOW IS THAT A QUESTION?

11           MS. SIMONSEN:  EXCUSE ME?

12           THE COURT:  WHAT -- HOW IS THAT A QUESTION?

13           MS. SIMONSEN:  THE QUESTION FOR PURPOSES OF RULE 11,

14   YOUR HONOR, IS DID COUNSEL HAVE A GOOD FAITH BASIS FOR THE

15   FACTS ALLEGED IN THE COMPLAINT BEFORE THE COMPLAINT WAS

16   ALLEGED.

17           THE QUESTION IS NOT CAN THEY GO ON ULTIMATELY TO FIND

18   FACTS AND EXPERTS WHO WILL SUPPORT THEIR CONTENTIONS.

19           THE COURT:  I'M NOT -- I'M NOT -- IF YOUR CONTENTION

20   NOW AFTER HAVING HEARD ME TALK ABOUT THIS IS THAT YOU WANT TO

21   CONDUCT DISCOVERY INTO THE EXISTENCE OF THE MYTHICAL EXPERT TO

22   SEE WHETHER THERE WAS A RULE 11 BASIS FOR BRINGING THIS CASE IN

23   THE FIRST PLACE.

24           MS. SIMONSEN:  YOUR HONOR, THAT'S NOT -- THAT'S NOT

25   MY ARGUMENT.  I DID --

1          THE COURT:  OH, I THOUGHT IT WAS A PRETTY GOOD ONE.

2     OKAY.

3          MS. SIMONSEN:  AS I DID NOTE, RULE 11 IS ONE OF THE

4     ANIMATING PRINCIPLES BEHIND A DEFENDANT'S ENTITLEMENT TO

5     DISCLOSURE OF THE ALLEGATIONS OF THE COMPLAINT, WHICH INCLUDE

6     AN EXPERT'S CONCLUSIONS ONCE THEY ARE PLACED AT ISSUE IN THE

7     COMPLAINT.

8          YOUR HONOR, ONCE A CONSULTING EXPERT -- AND I PUT

9     CONSULTING IN QUOTATION MARKS -- ONCE THAT EXPERT'S OPINIONS

10    ARE PUT FORTH IN A PLEADING AND REFERENCED IN ARGUMENTS IN A

11    CASE, THEY ARE NO LONGER A CONSULTING EXPERT.  THEY ARE NO

12    LONGER AN EXPERT WHO BEHIND THE SCENES THE PLAINTIFF IS WORKING

13    WITH TO DEVELOP THEIR CASE.  THEY HAVE BECOME AN EXPERT THAT

14    THE PLAINTIFF IS RELYING ON IN A CASE.

15         AND ALTHOUGH THE PLAINTIFF MAY GO ON TO HIRE A

16    DIFFERENT EXPERT, AND CERTAINLY WE'RE ENTITLED TO DISCOVERY ON

17    THAT EXPERT, IT DOESN'T CHANGE THE FACT THAT THEY'VE EXPRESSLY

18    RELIED ON A DIFFERENT PERSON'S OPINIONS AND CONCLUSIONS TO

19    BRING THEIR CLAIMS IN THE FIRST PLACE.

20         THE COURT:  TWO PROBLEMS.

21         ONE, I REALLY DON'T THINK THERE'S A MATERIAL

22    DIFFERENCE BETWEEN PLAINTIFF PLEADING THE BOXES WERE IMPROPERLY

23    FILLED AS OPPOSED TO ACCORDING TO OUR EXPERT, COMMA, THE BOXES

24    WEREN'T PROPERLY FILLED.  THEY'VE EITHER PLED IT OR THEY

25    HAVEN'T.  AND PLEADING YOUR EVIDENCE OR PLEADING NONEVIDENCE

1   REALLY DOESN'T APPEAR TO OPEN THE DOOR TO DISCOVERY.

2           SECONDLY, THE ARGUMENT YOU JUST PRESENTED TO ME IS

3   ENTIRELY UNSUPPORTED BY THE LAW THAT YOU CITED.

4           I'M INCLINED TO DENY THE MOTION.

5           AND I THINK A RULE 37(A)(5) FEE SHIFT IS IN THE

6   CARDS.  I'LL ISSUE PARAMETERS FOR THOSE SUBMISSIONS IN THE

7   ORDER WHEN IT GOES OUT LATER TODAY.

8           ALL RIGHT?

9           MS. SIMONSEN:  THANK YOU, YOUR HONOR.

10          MR. CLARKSON:  THANK YOU, YOUR HONOR.

11          THE COURT:  THANK YOU.

12          (PROCEEDINGS CONCLUDED 9:56 A.M.)

13

14

15

16

17

18

19

20

21

22

23

24

25

21

1

2

3

4                    C E R T I F I C A T E

5

6

7        I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE
ABOVE-ENTITLED MATTER.

8

9

/S/ DOROTHY BABYKIN                        1/17/18
10   _____        _____
FEDERALLY CERTIFIED TRANSCRIBER            DATED
11   DOROTHY BABYKIN

12

13

14

15

16

17

18

19

20

21

22

23

24

25